IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARLOS ALROY WOODLEY,    )
                                               )
    Plaintiff,                   )
                                               )
v.                                               )        Civil Action No. 3:20CV993–HEH
                                             )
LARRY LEABOUGH, *et al.*,     )
                                             )
    Defendants.              )

**MEMORANDUM OPINION**
**(Granting Motions to Quash)**

Carlos Alroy Woodley, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. In his Complaint, Woodley claimed, *inter alia*, that Defendants Hamilton, Pluto, and Whirley used excessive force against his person. (ECF No. 1 at 3.) By Memorandum Order entered on May 3, 2021, the Court directed Woodley to provide addresses for the Defendants. (ECF No. 9.) On June 3, 2021, Woodley responded to that Memorandum Order ("Woodley's June 3 Response") and provided the addresses for the Defendants named in the Complaint and the names and addresses for additional individuals, who had not been identified as Defendants in the Complaint. (ECF No. 11.)

Also, on June 3, 2021 and again on June 11, 2021 ("June 11 Amendment," ECF No. 15), Woodley attempted to spackle new allegations onto his Complaint. By Memorandum Order entered on July 29, 2021, the Court denied Woodley's attempts to amend without prejudice. (ECF No. 17 at 1.) The Court informed Woodley that if he wished to amend his Complaint, he must submit a copy of a proposed amended complaint

and not simply the proposed amendment. (*Id.*) The Court directed Woodley to submit any proposed amended complaint within twenty (20) days of the date of entry thereof. (*Id.*)

More than twenty (20) days elapsed and Woodley did not submit a proposed amended complaint. Accordingly, by Memorandum Order entered on September 15, 2021, the Court directed the Clerk to issue process for Defendants at the addresses provided by Woodley and directed the Marshal to serve Defendants with the Complaint. (ECF No. 21.)

Due to a clerical error, process was issued to every individual named in Woodley's June 3 Response, including the individuals who had not been identified as Defendants in the Complaint. The error was compounded by the fact that the Marshal served or attempted to serve every individual named in the June 3 Response with Woodley's June 11 Amendment, rather than the operative Complaint.

All the individuals and Defendants who received the June 3 Response have moved to quash the service of process. Because it is apparent, no individuals or Defendant has been properly served with the operative Complaint in this action, the Motions to Quash service of process (ECF Nos. 28, 34) will be granted. The Court will issue a separate Memorandum Order directing proper service of process.

Woodley moves the Court for the appointment of counsel. Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances.

2

Additionally, Plaintiff's pleadings demonstrate that he is competent to represent himself in the action. Accordingly, Plaintiff's motions for the appointment of counsel (ECF Nos. 19, 37) will be denied without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

                                             /s/
                                 Henry E. Hudson

Date: Dec. 20, 2021          Senior United States District Judge
Richmond, Virginia