IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARLOS ALROY WOODLEY,          )
                               )
        Plaintiff,             )
                               )
v.                             )        Civil Action No. 3:20-cv-993-HEH
                               )
LARRY LEABOUGH, *et al.*,      )
                               )
        Defendants.            )

**MEMORANDUM OPINION**
(Dismissing Action)

Carlos Alroy Woodley, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action (Compl., ECF No. 1) alleging that his rights were violated while he was confined at the Riverside Regional Jail. By Memorandum Opinion and Order entered on October 27, 2022 (ECF No. 72), the Court granted in part and denied in part Defendants' Motions for Summary Judgment. *Woodley v. Leabough*, No. 3:20-CV-993-HEH, 2022 WL 15524592, at *12 (E.D. Va. Oct. 27, 2022). The Court noted that:

> In his Complaint, Woodley often asserts that Defendants violated his rights under the Eighth Amendment. However, the record rather plainly suggests that, at the time of the incidents alleged in the Complaint, Woodley was confined as a pretrial detainee. Defendants do not direct the Court to any evidence indicating that Woodley was confined as a convicted felon. Under the Fourteenth Amendment, a pretrial detainee may not be subject to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) ("A pretrial detainee must not be punished at all under the Fourteenth Amendment, whether through the use of excessive force, by deliberate indifference to conditions of confinement, or otherwise."). Woodley's status at the time of any alleged violation controls what amendment applies rather than the amendment referenced by Woodley in his *pro se* complaint. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir.

2021). Nevertheless, in moving for summary judgment, Defendants often rely upon Eighth Amendment jurisprudence without an explanation as to why that Amendment should govern the analysis of a particular claim. Additionally, without any explanation, at other points, Defendants concede that Woodley was a pretrial detainee and his claims are governed by the Due Process Clause of the Fourteenth Amendment.

*Id.* at *7. In order to address the confusion regarding what constitutional amendment governs Woodley's claims, by Order entered on October 27, 2022, the Court directed Woodley, within twenty (20) days of the date of entry thereof, to provide a statement reflecting the date of any conviction within the last eight years. (ECF No. 72 at 1.) The Court warned Woodley that the failure to provide that information would result in the dismissal of the action. (*Id.* (citing Fed. R. Civ. P. 41(b)).

More than twenty (20) days have elapsed since the entry of the October 27, 2022 Order and Woodley has not provided any information about his recent convictions. Accordingly, the action will be dismissed without prejudice.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 30, 2022
Richmond, Virginia